# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

JOSEPH P. CARSON,  )
                   )
  Petitioner,      )
                   )
v.                 )  No. 3:09-CV-615
                   )  (Phillips)
UNITED STATES SECURITIES AND )
EXCHANGE COMMISSION,         )
                   )
  Respondent.      )

## MEMORANDUM OPINION

Petitioner, Joseph P. Carson, acting *pro se*, filed a complaint against respondent, the United States Securities and Exchange Commission (SEC), alleging that respondent failed to respond timely to his request for records. Respondent SEC has moved to dismiss the complaint on the grounds that petitioner has received all the relief he seeks in his complaint and there is no live controversy for the court to consider. Thus, respondent avers the court lacks subject matter jurisdiction over the complaint, and it should be dismissed. For the reasons which follow, respondent's motion to dismiss will be granted.

Respondent has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). This rule provides that a party may move to dismiss an action

by motion based on lack of jurisdiction over the subject matter. In analyzing a motion under Rule 12(b)(1), a court must make a distinction between motions which attack the complaint on its face and those which attack the existence of subject matter jurisdiction in fact. *RMI Titanium Co. v. Westinghouse elec. Corp.,*, 78 F.3d 1125, 1134 (6th Cir. 1996). As to "facial" attacks, the challenge is that the plaintiff has not faithfully recited all the jurisdictional predicates necessary for a court to exercise subject matter jurisdiction. *Id.* As to "factual" attacks, the challenge is the actual existence of a court's jurisdiction over the subject matter. *Id.* A court is obligated to dismiss an action in the absence of subject matter jurisdiction, either on its own motion or by suggestion of a party. 2 *Moore's Federal Practice* § 12.30[1] (Matthew Bender 3rd Ed.) (citing *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir. 1995)).

When the motion to dismiss is based on a "factual attack," no presumptive truthfulness applies to the complaint's factual allegations and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *RMI Titanium Co.,* 78 F.3d at 1134. If the facts are in dispute, the court can exercise wide discretion to consider affidavits, documents outside the complaint, and even conduct a limited evidentiary hearing. *Id..* Consideration of matters outside the pleadings, however, does not convert the Rule 12(b)(1) motion into a Rule 56 motion, as it would under a Rule 12(b)(6) motion. *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 195-16 (6th Cir. 1986). Here, respondent makes a factual attack as to the existence of subject matter jurisdiction,

asserting that the record shows that no case or controversy exists for this court to adjudicate, thus rendering petitioner's claim moot.

Under Article III, Section 2, of the Constitution, federal courts have authority to adjudicate only ongoing cases or controversies, and this requirement is no longer met when the dispute has become moot. *Cleveland Nat. Air Show, Inc. v. U.S. Dep't of Transp.,* 430 F.3d 757, 761 (6th Cir. 2005) (citing *Chirco v. Gateway Oaks, LLC*, 384 F.3d 307, 309 (6th Cir. 2004)). A case becomes moot "when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)).

The Freedom of Information Act (FOIA), 5 U.S.C. § 552 provides that any person has the right to request access to federal agency records or information. All government agencies, as defined by 5 U.S.C. § 552(f), are required to disclose records upon receiving a written request for them, except for those records that are exempt from disclosure under the Act. The FOIA requires that an individual submit a reasonably specific request for information that complies with the agency's published rules for making a FOIA request. 5 U.S.C. § 552(a)(6)(i). If a request is initially denied, in whole or in part, an individual may file an administrative appeal with the agency. 5 U.S.C. § 552(a)(6)(A)(i).

The Act confers jurisdiction upon the district courts to enjoin an agency form withholding non-exempt agency records and to order the production of any records improperly withheld from the requesting party. 5 U.S.C. § 552(a)(4)(B); *Perry v. Block*, 684 F.2d 121, 125 (D.C.Cir. 1982). Therefore, if an agency releases in full all records responsive to a request, the controversy ceases to exist and the case becomes moot. *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C.Cir. 1987) (finding FOIA claims moot once the agency released all non-exempt material to the plaintiff).

Here, the record shows that petitioner submitted his FOIA request on October 13, 2009 and the SEC acknowledged receipt of the request on October 15, 2009. The SEC then sought clarification of the request from petitioner. The SEC notified petitioner that additional time would be needed to process his request on November 16, 2009. At the time petitioner filed his complaint on December 28, 2009, he had not received an initial response from the SEC. Petitioner's sole claim against the SEC is for delay or tardiness in responding to this FOIA request. However, that claim is now moot, because the SEC sent its initial FOIA response on February 18, 2010; petitioner appealed on February 21, 2010; the SEC responded on March 22, 2010; petitioner then supplemented his appeal on March 22, 2010; and the SEC's final response was sent on March 25, 2010 that no responsive documents could be located. Therefore, the court finds that the relief petitioner seeks through his lawsuit has been fully provided.

As petitioner's complaint challenges only the tardiness of the SEC's response to his FOIA request, his claim was rendered moot by the agency's March 25, 2010 response that no responsive documents could be located. Other federal courts have held that suits challenging the tardiness of an agency's response are rendered moot by the agency's subsequent response to the FOIA request. *See Voinche v. Federal Bureau of Investigation*, 999 F.2d 962, 963 (5th Cir. 1993); *Murillo v. United States Dep't of Homeland Security*, 2007 WL 1944406 (N.D.Tex. June 28, 2007); *Adenodi v. United States Dep't of Justice*, 2007 WL 701136 (E.D.La Mar. 1, 2007); *Amaya-Flores v. Dep't of Homeland Security*, 2006 WL 3098777 (W.D.Tex. Oct. 30, 2006); *DiModica v. United States Dep't of Justice*, 2006 WL 89947 (S.D.N.Y. Jan. 11, 2006).

## Conclusion

Because petitioner has already obtained all the relief he seeks in his complaint, there is no live controversy for this court to adjudicate. Without a case or controversy, the court lacks subject matter jurisdiction. Accordingly, respondent's motion to dismiss the complaint [Doc. 16] is hereby **GRANTED**, and this action is **DISMISSED, with prejudice.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge