UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JOSEPH P. CARSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:09-CV-615 |
| | ) | (PHILLIPS/SHIRLEY) |
| v. | ) | |
| | ) | |
| U.S. SECURITIES AND EXCHANGE | ) | |
| COMMISSION, | ) | |
| Defendant. | ) | |

| JOSEPH P. CARSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:10-CV-56 |
| | ) | (PHILLIPS/SHIRLEY) |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| Defendant. | ) | |

| JOSEPH P. CARSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:10-CV-57 |
| | ) | (PHILLIPS/SHIRLEY) |
| v. | ) | |
| | ) | |
| U.S. OFFICE OF SPECIAL COUNSEL, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

These cases are before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge referring Plaintiff Joseph P. Carson's Motion for Litigation Costs to the undersigned for report and recommendation.

In each of the above cases, the Plaintiff has filed substantively identical Motions for Litigation Costs, which argue that the Plaintiff is entitled to litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E). The Defendants have responded in opposition to the Plaintiff's Motions for Litigation Costs, and both parties have filed supplemental materials, replies, and other documents to support their positions in this matter. The Court has reviewed these documents.

Pursuant to the Freedom of Information Act, a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [the Freedom of Information Act] in which the complainant has substantially prevailed." 5 U.S.C § 552(a)(4)(E)(i). For purposes of the statute, "a complainant has substantially prevailed if the complainant has obtained relief through either-- (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C § 552(a)(4)(E)(ii).

The District Court for the District of Columbia, explained the award of costs under the Freedom of Information Act well:

> A party seeking a fee award must make two showings. See Davy v. Cent. Intelligence Agency, 456 F.3d 162, 166 (D.C. Cir. 2006). First, the party must show that it is "eligible" for a fee award in that it "substantially prevailed" in the litigation. Id.; Weisberg v. U.S. Dep't of Justice, 848 F.2d 1265, 1268 (D.C. Cir. 1988). Once that showing has been made, the party must demonstrate that it is entitled to fees under four criteria that the court weighs in determining whether attorney's fees are appropriate:
>
> > (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information.
>
> Burka v. U.S. Dep't of Health and Human Servs., 142 F.3d 1286, 1288 (D.C. Cir. 1998) (citation and quotation marks omitted). "The sifting of those criteria over the facts of a case is a matter of

2

> district court discretion" that the appellate court reviews under the abuse-of-discretion standard. Tax Analysts v. U.S. Dep't of Justice, 965 F.2d 1092, 1094 (D.C. Cir. 1992). Moreover, the "legislative history of section 552(a)(4)(E) evinces a clear congressional intent to leave the courts' broad discretion when considering a request for attorney fees," such that there is no "presumption in favor of awarding attorney fees" to prevailing FOIA litigants. See Nationwide Bldg. Maintenance, Inc. v. Sampson, 559 F.2d 704, 713-14 (D.C. Cir. 1977); Cuneo v. Rumsfeld, 553 F.2d 1360, 1367 (D.C. Cir. 1977) ("It is clear from the legislative history that Congress did not intend the award of attorney fees to be automatic.").

Peter S. Herrick's Customs and Int'l Trade Newsletter v. U.S. Customs and Border Prot., 2006 WL 3060012, 2 (D.D.C. 2006).

Initially, the Court finds that the Plaintiff has failed to show that he substantially prevailed. It appears undisputed that the Plaintiff did not receive a judicial order, an enforceable written agreement, or consent decree in his favor. Moreover, the Defendant has not identified a "voluntary or unilateral change in position" made by the agencies listed as Defendants above. Rather, it appears to the Court that the agencies adhered to their positions and completed their record searches in due course. Those record searches then rendered the suits captioned above moot. [See Doc. 21 in Case No. 3:09-CV-615; Doc. 29 in Case No. 3:10-CV-56; Doc. 21 in Case No. 3:10-CV-57]

Moreover, the Court finds that the Plaintiff has failed to demonstrate a public benefit derived from the case. He has not demonstrated any commercial benefit to himself. The Court finds that the nature of the Plaintiff's interest in the records does not show a need for the records that would make an award of costs appropriate, and finally, the Court finds that, given the general and broad nature of the requests, the Defendants had a reasonable basis for not producing the requested information for the period that it took the agencies to attempt to clarify and specify the Plaintiff's request.

3

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the Plaintiff's Motions for Litigation Costs **[Doc. 23 in Case No. 3:09-CV-615; Doc. 32 in Case No. 3:10-CV-56; Doc. 23 in Case No. 3:10-CV-57]** be **DENIED**.

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).